UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SHANETA GRIFFIN
14251 Wilderness Lane, #1
Dale City, VA 22193

Plaintiff,

-against-

COASTAL INTERNATIONAL
SECURITY INC.
1197 Spring Avenue, Suite B
Surfside Beach, SC 29575

Defendant.

CIVIL ACTION No. ___________

# NOTICE OF REMOVAL OF CIVIL ACTION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

Pursuant to 28 U.S.C. § 1446, Defendant Coastal International Security, Inc. invokes the jurisdiction of this Court under 28 U.S.C. §§ 1332 and 1441 and states the following grounds for removal:

1. On December 4, 2006, Plaintiff Shaneta Griffin instituted an action against defendant in the Superior Court of the District of Columbia. (Civil Action No. 0008650-06). A true and correct copy of the summons and complaint is attached at exhibit 1. There have been no other pleadings, process, or orders served on defendant within the meaning of 28 U.S.C. § 1446(a).

2.  On or around December 12, 2006, plaintiff served defendant's registered agent, John M. Thompson, Esq., located at 2420 North Capitol Street, NE, Washington D.C. 20002, with a summons and a copy of the complaint.

3.  The complaint alleges and defendant admits plaintiff is a resident of Virginia and defendant is a South Carolina corporation licensed to do business in the District of Columbia. The amount in controversy exceeds $75,000.

4.  Defendant has not served any answer or responsive pleading to plaintiff's complaint or made any appearance or argument before the Superior Court for the District of Columbia.

5.  Pursuant to 28 U.S.C. §1332, this Court has jurisdiction in this action based on the diversity of the parties and the amount in controversy. Consequently, this action may be removed to this Court under 28 U.S.C. § 1441.

6.  Defendant has not served any answer or responsive pleading to plaintiff's complaint or made any appearance or argument before the Superior Court of the District of Columbia.

7.  This Notice is filed with this Court within thirty (30) days after Defendant received a copy of the Complaint upon which this action is based, and before any proceedings were had thereupon in the Superior Court of the District of Columbia.

8.  Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by plaintiff or conceding plaintiff has pled claims upon which relief can be granted.

9.  Contemporaneously with this filing, defendant is filing a Notice of Filing of Notice of Removal with the Clerk of the Superior Court for the District of Columbia. Defendant is giving written notice of this removal to plaintiff.

WHEREFORE, defendant requests the action be removed from the Superior Court for the District of Columbia.

Respectfully submitted,

**JACKSON LEWIS LLP**

Date: December 28, 2006

By: ______________________________

John M. Remy, D.C. Bar No. 461244
8614 Westwood Center Drive
Suite 950
Vienna, VA 22183
Ph. (703) 821-2189
Fax: (703) 821-2267

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on December 28, 2006 a copy of the foregoing *Notice of Removal* was mailed, first-class mail, postage prepaid, to:

Alan R. Fawcett, Esq.
CHRISTIAN, ASHIN & BROWN, P.C.
7305 Baltimore Ave., Suite 305
College Park, MD 20740

John M. Remy

# EXHIBIT 1

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

SHANETA GRIFFIN

*Plaintiff*

vs.

Civil Action No. 0008650-06

COASTAL INTERNATIONAL SECURITY, Inc.

*Defendant*

## SUMMONS

To the above named Defendant: Coastal International Security, Inc. 1300 Pennsylvania Ave., Washington, DC 20060; serve Registered Agent, John M. Thompson, Esq 2420 N. Capitol St N.E., Wash. DC 20002

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan R. Fawcett, #493509
Name of Plaintiff's Attorney

7305 Baltimore Ave., Suite 305
Address
College Park, MD 20740

301-277-9171
Telephone

By [signature]
Deputy Clerk

Date 12/4/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

SHANETA GRIFFIN
14251 Wilderness Lane, #1
Dale City, VA 22193
Plaintiff,

vs.

COASTAL INTERNATIONAL, SECURITY, INC.
1300 Pennsylvania Ave.
Washington, DC20060
Serve Registered Agent:
John M. Thompson
2420 North Capitol Street, N.E.
Washington, DC 20002
Defendant.

Case No.: 0008650-06

RECEIVED
Civil Clerk's Office
DEC 04 2006
Superior Court of the District of Columbia
Washington, D.C.

# COMPLAINT

1. Jurisdiction is vested in this Court in that the Defendant, Coastal International Security, Inc., has a place of business in the District of Columbia, conducts business in the District of Columbia, the Defendant's tortious acts were committed against the Plaintiff in the District of Columbia, and pursuant to D.C. Code §11-921 and §13-423.

## *FACTS COMMON TO THE COMPLAINT*

2. That the Plaintiff is an individual who, at all times during the events alleged in this Complaint, was employed by the Defendant, Coastal International Security, Inc. in the District of Columbia.

3. That at all times relevant and mentioned herein, employees, managers, supervisors, including Lt. Bridges and B.J. Floyan, among others, were acting within

[C]RISTIAN, ASHIN [&] BROWN, P.C.
[B]ALTIMORE AVENUE
SUITE 305
[]PARK, MARYLAND 20740
(301) 277-9171

the scope of said agency, employment, servitude, and/or supervisory role with the Defendant, Coastal International Security, Inc.

4. That on or about June, 2004, the Defendant hired the Plaintiff to work in the District of Columbia in her capacity as an employee for said Defendant. The Plaintiff was initially hired as, and at all times relevant, was employed as an armed security officer.

5. That throughout the Plaintiff's employment and up to the date of her termination, the Plaintiff always received positive performance evaluations, salary increases, and other indications that her employment was satisfactory.

6. That on or about June, 2005, the Plaintiff became impregnated with her first child.

7. That the Plaintiff informed the Defendant's agent and/or employer, who was at the time the Plaintiff's supervisor, of said pregnancy on or about September 26, 2005, at which time, she requested light duty employment pursuant to her doctor's advice.

8. That shortly thereafter, Defendant's agent and/or employees, advised Plaintiff that she would indeed be provided a light duty assignment and a light duty assignment was available for her.

9. That the light duty assignment Plaintiff requested was available and the Plaintiff was qualified for said light duty position.

10. That the Plaintiff was never provided light duty employment and her employment was terminated on November 21, 2005.

STIAN, ASHIN
BROWN, P.C.
ALTIMORE AVENUE
SUITE 305
RK, MARYLAND 20740
301) 277-9171

## COUNT I

(Pregnancy Discrimination in Violation of §2-1401.05)

11. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates, and realleges all facts and allegations set forth above as if fully set forth herein.

12. That the Defendant by and through its agents, employees, supervisors and/or servants, who were then and there acting within the scope of said agency, supervisory role and/or employment with the Defendant, engaged in a pattern and practice of unlawful discrimination by treating the Plaintiff differently and in a discriminatory manner on the basis of her gender and the fact that she was pregnant as well as failing to provide the Plaintiff with treatment in the same manner as the Defendant treated other similarly situated temporarily disabled employees.

13. That the Defendant did at all times relavant hereto, have actual and/or constructive knowledge of the conduct described in the above-referenced paragraphs.

14. That as the direct and proximate result of the Defendant's descriminatory actions, the Plaintiff suffered severe emotional distress, pain, suffering, inconvenience, and loss of enjoyment of her life.

15. That the Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate the gender discrimination from the workplace and to prevent it from occurring in the future.

16. That as a further direct and proximate result of the Defendant's willful, knowing and intentional discrimination against the Plaintiff, the Plaintiff has suffered and will continue to suffer, pain and suffering, extreme and severe mental anguish, emotional distress and has suffered a loss of earnings.

ISTIAN, ASHIN
BROWN, P.C.
BALTIMORE AVENUE
SUITE 305
PARK, MARYLAND 20740
(301) 277-9171

17. That as a further direct and proximate result of the Defendant's violation of the above-referenced statute, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment and/or relationship with the Defendant, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

18. That the actions of the Defendant's employees, servants, and/or supervisors, were done with malicious intent and/or motive and/or reckless or callous indifference to the Plaintiff's statutorily protected rights and said actions were done with the employers full knowledge that the Plaintiff's rights were violated.

19. That the Plaintiff filed a charge for discrimination with the United States Equal Employment Opportunity Commission in the District of Columbia alleging gender discrimination on the basis of pregnancy.

20. That on or about September 18, 2006, said agency issued a right to sue notice authorizing this law suit, and, therefore, the Plaintiff has exhausted her administrative remedies.

**COUNT II**

(Gender Discrimination In Violation of D.C. Code §2-1402.11)

21. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates, and realleges all facts and allegations set forth above as if fully set forth herein.

22. That the Defendant by and through its agents, employees, supervisors and/or servants, who were then and there acting within the scope of said agency,

RISTIAN, ASHIN
BROWN, P.C.
BALTIMORE AVENUE
SUITE 305
PARK, MARYLAND 20740
(301) 277-9171

when the same shall be fully and finally ascertained.

28. That the actions of the Defendant's employees, servants, and/or supervisors, were done with malicious intent and/or motive and/or reckless or callous indifference to the Plaintiff's statutorily protected rights and said actions were done with the employers full knowledge that the Plaintiff's rights were violated.

29. That the Plaintiff filed a charge for discrimination with the United States Equal Employment Opportunity Commission in the District of Columbia alleging gender discrimination on the basis of pregnancy.

30. That on or about September 18, 2006, said agency issued a right to sue notice authorizing this law suit, and, therefore, the Plaintiff has exhausted her administrative remedies.

**COUNT III**

(Intentional Inflection of Emotional Distress)

31. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates and realleges each and every fact set forth above as if fully set forth herein.

32. That in failing to protect the Plaintiff from the above-described gender discrimination and other offensive conduct committed by the Defendant's agent, employees, supervisors and/or managers, caused the Plaintiff to suffer severe emotional distress.

33. By through the outrageous conduct described above, the Defendant acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

RISTIAN, ASHIN
BROWN, P.C.
BALTIMORE AVENUE
SUITE 305
PARK, MARYLAND 20740
(301) 277-9171

34. That as the direct and proximate result of the Defendant's actions, the Plaintiff has suffered and will continue to suffer pain and suffering, severe mental anguish, emotional distress and she has suffered a loss of earnings.

35. That the Defendant's conduct as described herein was malicious and oppressive and done with a conscious disregard for Plaintiff's rights.

36. The acts of the Defendant's supervisors, employees and/or managers were performed with the knowledge of an employers economic power over its employees. By and through the Defendants officers, managing agents, and supervisors, the Defendant authorized, condoned and ratified the unlawful conduct described above.

**COUNT IV**
(Negligent Infliction of Emotional Distress)

37. The Plaintiff, Shaneta Griffin, hereby adopts, incorporates and realleges all facts and allegations set forth above as if fully set forth herein.

38. That the Defendant, failed to exercise it's duty of due care to prevent it's employees, managers, and/or supervisors from discriminating against the Plaintiff.

39. That as the direct and proximate result of the actions and conduct of the Defendant, the Plaintiff has been caused to suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment and pain.

**COUNT V**
(Negligent Hiring)

40. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates and reallages all facts and allegations set forth above as if fully set forth herein.

41. That the Defendant owed Plaintiff a duty to protect her from it's employees, managers, and/or supervisors, who they knew or should have known, created a risk of

RISTIAN, ASHIN
BROWN, P.C.
BALTIMORE AVENUE
SUITE 305
PARK, MARYLAND 20740
(301) 277-9171

injury to her. The Defendant breached said duty by hiring these unknown individuals which the Defendant knew or should have known, with reasonable diligence should not have been hired or placed in the Defendant's workplace because they were not fit for the workplace.

42. That as a proximate result of the acts and conduct of the Defendant in hiring these unknown individuals, the Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment and pain, as well as a loss of earnings.

## COUNT VI
(Negligent Retention and Supervision)

43. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates and realleges each and every fact set forth above as if fully set forth herein.

44. That the Defendant owed the Plaintiff a duty to protect her from it's employees, supervisors and/or managers who they knew or should have known created a risk of injury to the Plaintiff. Defendant breached such duty by continuing to employee the unknown individuals and by failing to adequately supervise the workplace despite the fact that they knew or should have known, that these individuals were in their workplace discriminating against the Plaintiff based on her gender.

45. That as a proximate result of the acts and conduct of the Defendant, the Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, embarrassment and pain, as well as a loss of earnings.

WHEREFORE, pursuant to Count I, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security,

RISTIAN, ASHIN
BROWN, P.C.
BALTIMORE AVENUE
SUITE 305
PARK, MARYLAND 20740
(301) 277-9171

Inc., in the sum of One Million Dollars ($1,000,000.00) in general and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count II, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of One Million Dollars ($1,000,000.00) in general and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count III, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of One Million Dollars ($1,000,000.00) in general and compensatory damages, One Million Dollars ($1,000,000.00) in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count IV, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of One Million Dollars ($1,000,000.00) in general and compensatory damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count V, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security,

RISTIAN, ASHIN
BROWN, P.C.
BALTIMORE AVENUE
SUITE 305
PARK, MARYLAND 20740
(301) 277-9171

Inc., in the sum of One Million Dollars ($1,000,000.00) in general and compensatory damages, in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count VI, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of One Million Dollars ($1,000,000.00) in general and compensatory damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

CHRISTIAN, ASHIN & BROWN, P.C.

Alan R. Fawcett #493509
Attorney for Plaintiff
7305 Baltimore Ave., Suite 305
College Park, MD 20740
(301) 277-9171

**JURY DEMAND**

Plaintiff demands a trial by a jury of six (6) as to all issues of fact herein.

Alan R. Fawcett #493509
Attorney for Plaintiff

HRISTIAN, ASHIN
& BROWN, P.C.
)5 BALTIMORE AVENUE
SUITE 305
E PARK, MARYLAND 20740
(301) 277-9171

CHRISTIAN, ASHIN & BROWN, P.C.
ATTORNEYS AT LAW
7305 BALTIMORE AVENUE, SUITE 305
COLLEGE PARK, MARYLAND 20740




7006 0810 0005 7613 7119






**FIRST CLASS MAIL**

Coastal International Security, Inc.
Serve: Registered Agent
John M. Thompson, Esq.
2420 North Capitol St., N.E.
Washington, DC 20002








06-2246 CKK

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Shaneta Griffin

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Coastal International Security, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) 88888
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan R. Fawcett, Esq.
Christian, Ashin & Brown PC
7305 Baltimore Ave., Ste. 305
College Park, MD 20740

CASE NUMBER 1:06CV02246

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Employment Discrimination

DATE STAMP: 12/29/2006

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP** FOR PLAINTIFF

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** OR **○ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ◉ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. Sections 1332 and 1441. Employment discrimination.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 1,000,000.00 Check YES only if demanded in complaint **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** 12/28/06 29 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.