UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANETA GRIFFIN | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:06cv02246 (CKK) |
| COASTAL INTERNATIONAL SECURITY, INC. | ) ) ) |
| Defendant. | ) ) |

## ANSWER TO COMPLAINT

Defendant Coastal International Security, Inc. hereby answers plaintiff's complaint. Any allegation not explicitly admitted below is hereby denied.

1. Defendant admits it has a place of business and conducts business in the District of Columbia. Defendant denies any unlawful activity. The remaining allegations in paragraph 1 are legal conclusions to which no response is required.

### FACTS COMMON TO THE COMPLAINT

2. Defendant admits plaintiff was an individual employed by Defendant in the District of Columbia. Defendant denies the remaining allegations in paragraph 2.

3. Defendant denies any unlawful activity. The remaining allegations in paragraph 3 are legal conclusions to which no response is required.

4. Defendant admits the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant is without sufficient information to form a belief as to the allegations in paragraph 6.

7. Defendant is without sufficient information to form a belief as to the allegations in paragraph 7. To the extent that unlawful activity is implied, Defendant denies the allegations.

8. Defendant is without sufficient information to form a belief as to the allegations in paragraph 8. To the extent that unlawful activity is implied, Defendant denies the allegations.

9. Defendant is without sufficient information to form a belief as to the allegations in paragraph 9. To the extent that unlawful activity is implied, Defendant denies the allegations.

10. Defendant denies the allegations in paragraph 10.

## COUNT I

11. The allegations in paragraph 11 incorporate plaintiff's allegations in paragraphs 1-10. Defendant incorporates its responses to paragraphs 1-10 above as if fully restated here.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant is without sufficient information to form a belief as to the allegations in paragraph 19. To the extent that unlawful activity is implied, Defendant denies the allegations.

20. Defendant is without sufficient information to form a belief as to the allegations in paragraph 20. To the extent that unlawful activity is implied, Defendant denies the allegations.

## COUNT II

21. The allegations in paragraph 21 incorporate plaintiff's allegations in paragraphs 1-20. Defendant incorporates its responses to paragraphs 1-20 above as if fully restated here.

22. Defendant denies the allegations in paragraph 22.

23.-27. Plaintiff makes no allegations in paragraphs 23-27 and/or the copy of the complaint served on Defendant does not contain the page with these paragraphs. Therefore, no response is required. To the extent these paragraphs alleged any unlawful or tortious activity by Defendant, those allegations are denied.

28. Defendant denies the allegations in paragraph 28.

29. Defendant is without sufficient information to form a belief as to the allegations in paragraph 29. To the extent that unlawful activity is implied, Defendant denies the allegations.

30. Defendant is without sufficient information to form a belief as to the allegations in paragraph 30. To the extent that unlawful activity is implied, Defendant denies the allegations.

## COUNT III

31. The allegations in paragraph 31 incorporate plaintiff's allegations in paragraphs 1-30. Defendant incorporates its responses to paragraphs 1-30 above as if fully restated here.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

## COUNT IV

37. The allegations in paragraph 37 incorporate plaintiff's allegations in paragraphs 1-36. Defendant incorporates its responses to paragraphs 1-36 above as if fully restated here.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

## COUNT V

40. The allegations in paragraph 40 incorporate plaintiff's allegations in paragraphs 1-39. Defendant incorporates its responses to paragraphs 1-39 above as if fully restated here.

41. The allegations in paragraph 41 concerning Defendant's "duty" to Plaintiff are legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

## COUNT VI

43. The allegations in paragraph 43 incorporate plaintiff's allegations in paragraphs 1-42. Defendant incorporates its responses to paragraphs 1-42 above as if fully restated here.

44. The allegations in paragraph 44 concerning Defendant's "duty" to Plaintiff are legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

## RELIEF SOUGHT

WHEREFORE, Defendant denies Plaintiff is entitled to any damages or relief for any and all Counts.

## JURY DEMAND

No response is required to Plaintiff's demand for a jury trial.

## AFFIRMATIVE DEFENSES

As affirmative defenses to the complaint, Defendant alleges as follows:

### First Defense

The complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### Second Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, election of remedies, failure to exhaust administrative remedies, and / or jurisdictional prerequisites to suit.

### Third Defense

Plaintiff's claims for damages are barred or reduced by her failure to mitigate the alleged damages.

### Fourth Defense

At all times relevant hereto, Defendant acted in good faith and took reasonable steps, including training, to ensure its employees acted in good faith toward Plaintiff and did not violate any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations or guidelines.

### Fifth Defense

Any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof were based upon legitimate nondiscriminatory business reasons.

### Sixth Defense

Plaintiff's claims are barred and/or recovery of damages is precluded due to Plaintiffs' own misconduct that may be revealed during the discovery process (after-acquired evidence doctrine).

### Seventh Defense

Any unlawful or tortious actions taken by any individuals occurred outside of the scope of their employment with Defendant.

### Eighth Defense

All or a portion of Plaintiff's claims are barred by estoppel, release, laches, set-off, or waiver.

**Ninth Defense**

Plaintiff's claims are preempted and/or prohibited by the D.C. Workers' Compensation Act's exclusivity provisions.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's complaint and award Defendant fees and costs.

Respectfully submitted,

**JACKSON LEWIS LLP**

January 8, 2007

By: /s/ John M. Remy
John M. Remy (D.C. Bar No.461244)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on January 8, 2007 copy of the foregoing *Answer to Complaint* was mailed, first-class mail, postage prepaid, to:

> Alan R. Fawcett
> Christian, Ashin, & Brown, P.C.
> 7305 Baltimore Avenue
> Suite 305
> College Park, Maryland 20740
> *Counsel for Plaintiff*

  /s/ John M. Remy