IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANETA GRIFFIN            )
        Plaintiff,     )
                       )
  vs.                      ) Case No.: 06-2246
                       ) Judge C. Kollar-Kotelly
COASTAL INTERNATIONAL,     )
  SECURITY, INC.          )
                       )
        Defendant.     )

## *MOTION FOR LEAVE TO FILE AMENDED COMPLAINT*

COMES NOW, the Plaintiff, Shaneta Griffin, by and through counsel, Christian, Ashin & Brown, P.C. and Jeffery G. Ashin, and files the herein Motion for Leave to File Amended Complaint and as grounds in support thereof states as follows:

1. That the Plaintiff originally filed this lawsuit in the Superior Court for the District of Columbia seeking One Million Dollars in Compensatory Damages and One Million Dollars in punitive damages set forth in the Ad Damnum.

2. That the Defendant, Coastal International Security removed this matter to the United States District Court pursuant to diversity the jurisdiction, 28 U.S.C., §1332.

3. That the Plaintiff seeks to amend her Complaint so that the amount in controversy is less than Seventy Five Thousand Dollars ($75,000.00) thereby permitting this Honorable Court to remaned this matter back to the Superior Court for the District of Columbia.

4. That the Plaintiff has attached an original copy of her Amended Complaint to this Motion.

WHEREFORE, the Plaintiff, Shaneta Griffin, by and through their undersigned attorney respectfully prays this Honorable Court grant her Leave to file an Amended Complaint as proposed in the attached original Complaint.

CHRISTIAN, ASHIN & BROWN, P.C.

Jeffery G. Ashin /S/

Jeffery G. Ashin
Attorney for Plaintiff
7305 Baltimore Ave., Suite 305
College Park, MD   20740
(301) 277-9171

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2007, a copy of the foregoing Motion For Leave to File an Amended Complaint was mailed, first class, postage prepaid to:

John M. Remy, Esq.
Jackson Lewis, LLP
8614 Westwood Center Drive, Suite 250
Vienna, VA 22182

Jeffery G. Ashin /S/
Jeffery G. Ashin
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANETA GRIFFIN | ) |
|       Plaintiff, | ) |
| | ) |
|     vs. | ) Case No.: 06-2246 |
| | ) Judge C. Kollar-Kotelly |
| COASTAL INTERNATIONAL, | ) |
|   SECURITY, INC. | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM OF POINTS & AUTHORITIES

1. LCvR 15.1

2. Amended Complaint filed herein.

CHRISTIAN, ASHIN & BROWN, P.C.

Jeffery G. Ashin /S/
Jeffery G. Ashin
Attorney for Plaintiff
7305 Baltimore Ave., Suite 305
College Park, MD   20740
(301) 277-9171

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on this 16th day of March 2007, a copy of the foregoing Memorandum of Points & Authorities was mailed, first class, postage prepaid to:

John M. Remy, Esq.
Jackson Lewis, LLP
8614 Westwood Center Drive, Suite 250
Vienna, VA 22182

Jeffery G. Ashin /S/
Jeffery G. Ashin
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
SHANETA GRIFFIN                    )
              Plaintiff,           )
                                   )
     vs.                           ) Case No.: 06-2246
                                   ) Judge C. Kollar-Kotelly
COASTAL INTERNATIONAL,             )
   SECURITY, INC.                  )
                                   )
              Defendant.           )
```

## ORDER

\_\_\_\_\_UPON CONSIDERATION, of the Plaintiff's Opposition to Defendant's Motion for Leave to File Amended Complaint, and good cause having beeng shown, it is this _____ day of _____, 2007, by the United States District Court for the District of Columbia, hereby;

ORDERED, that Defendant's Motion for Leave to File an Amended Complaint be, and the same is hereby, GRANTED, and it is further,

ORDERED, that Plaintiff is granted leave to file the Amended Complaint attached to Plaintiff's Motion.

_____
JUDGE - C. KOLLAR-KOTELLY

cc:   Jeffery G. Ashin, Esq.
      Christian & Ashin, P.A.
      7305 Baltimore Ave., Suite 305
      College Park, MD 20740

      John M. Remy, Esq.
      Jackson Lewis, LLP
      8614 Westwood Center Drive, Suite 250
      Vienna, VA 22182

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANETA GRIFFIN | ) |
| 14251 Wilderness Lane, #1 | ) |
| Dale City, VA 22193 | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 06-2246 |
| | ) Judge C. Kollar-Kotelly |
| COASTAL INTERNATIONAL, | ) |
|   SECURITY, INC. | ) |
| 1300 Pennsylvania Ave. | ) |
| Washington, DC 20060 | ) |
| Serve Registered Agent: | ) |
| | ) |
|       Defendant. | ) |

**A M E N D E D   C O M P L A I N T**

1. Jurisdiction is vested in this Court in that the Defendant, Coastal International Security, Inc., has a place of business in the District of Columbia, conducts business in the District of Columbia, the Defendant's tortious acts were committed against the Plaintiff in the District of Columbia, and pursuant to D.C. Code §11-921 and §13-423.

*FACTS COMMON TO THE COMPLAINT*

2. That the Plaintiff is an individual who, at all times during the events alleged in this Complaint, was employed by the Defendant, Coastal International Security, Inc. in the District of Columbia.

3. That at all times relevant and mentioned herein, employees, managers, supervisors, including Lt. Bridges and B.J. Floyan, among others, were acting within the scope of said agency, employment, servitude, and/or supervisory role with the

Defendant, Coastal International Security, Inc.

4. That on or about June, 2004, the Defendant hired the Plaintiff to work in the District of Columbia in her capacity as an employee for said Defendant. The Plaintiff was initially hired as, and at all times relevant, was employed as an armed security officer.

5. That throughout the Plaintiff's employment and up to the date of her termination, the Plaintiff always received positive performance evaluations, salary increases, and other indications that her employment was satisfactory.

6. That on or about June, 2005, the Plaintiff became impregnated with her first child.

7. That the Plaintiff informed the Defendant's agent and/or employer, who was at the time the Plaintiff's supervisor, of said pregnancy on or about September 26, 2005, at which time, she requested light duty employment pursuant to her doctor's advice.

8. That shortly thereafter, Defendant's agent and/or employees, advised Plaintiff that she would indeed be provided a light duty assignment and a light duty assignment was available for her.

9. That the light duty assignment Plaintiff requested was available and the Plaintiff was qualified for said light duty position.

10. That the Plaintiff was never provided light duty employment and her employment was terminated on November 21, 2005.

## COUNT I
(Pregnancy Discrimination in Violation of §2-1401.05)

11. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates, and

realleges all facts and allegations set forth above as if fully set forth herein.

    12. That the Defendant by and through its agents, employees, supervisors and/or servants, who were then and there acting within the scope of said agency, supervisory role and/or employment with the Defendant, engaged in a pattern and practice of unlawful discrimination by treating the Plaintiff differently and in a discriminatory manner on the basis of her gender and the fact that she was pregnant as well as failing to provide the Plaintiff with treatment in the same manner as the Defendant treated other similarly situated temporarily disabled employees.

    13. That the Defendant did at all times relavant hereto, have actual and/or constructive knowledge of the conduct described in the above-referenced paragraphs.

    14. That as the direct and proximate result of the Defendant's descriminatory actions, the Plaintiff suffered severe emotional distress, pain, suffering, inconvenience, and loss of enjoyment of her life.

    15. That the Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate the gender discrimination from the workplace and to prevent it from occurring in the future.

    16. That as a further direct and proximate result of the Defendant's willful, knowing and intentional discrimination against the Plaintiff, the Plaintiff has suffered and will continue to suffer, pain and suffering, extreme and severe mental anguish, emotional distress and has suffered a loss of earnings.

    17. That as a further direct and proximate result of the Defendant's violation of the above-referenced statute, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment and/or

relationship with the Defendant, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

18. That the actions of the Defendant's employees, servants, and/or supervisors, were done with malicious intent and/or motive and/or reckless or callous indifference to the Plaintiff's statutorily protected rights and said actions were done with the employers full knowledge that the Plaintiff's rights were violated.

19. That the Plaintiff filed a charge for discrimination with the United States Equal Employment Opportunity Commission in the District of Columbia alleging gender discrimination on the basis of pregnancy.

20. That on or about September 18, 2006, said agency issued a right to sue notice authorizing this law suit, and, therefore, the Plaintiff has exhausted her administrative remedies.

## COUNT II
(Gender Discrimination In Violation of D.C. Code §2-1402.11)

21. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates, and realleges all facts and allegations set forth above as if fully set forth herein.

22. That the Defendant by and through its agents, employees, supervisors and/or servants, who were then and there acting within the scope of said agency, supervisory role and/or employment with the Defendant, engaged in a pattern and practice of unlawful gender discrimination by treating the Plaintiff differently and in a discriminatory manner on the basis of her gender as well as failing to provide the

Plaintiff with treatment in the same manner as the Defendant treated other similarly situated temporarily disabled employees.

23. That the Defendant did at all times relavant hereto, have actual and/or constructive knowledge of the conduct described in the above-referenced paragraphs.

24. That as the direct and proximate result of the Defendant's descriminatory actions, the Plaintiff suffered severe emotional distress, pain, suffering, inconvenience, and loss of enjoyment of her life.

25. That the Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate the gender discrimination from the workplace and to prevent it from occurring in the future.

26. That as a further direct and proximate result of the Defendant's willful, knowing and intentional discrimination against the Plaintiff, the Plaintiff has suffered and will continue to suffer, pain and suffering, extreme and severe mental anguish, emotional distress and has suffered a loss of earnings.

27. That as a further direct and proximate result of the Defendant's violation of the above-referenced statute, the Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment and/or relationship with the Defendant, and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained.

28. That the actions of the Defendant's employees, servants, and/or supervisors, were done with malicious intent and/or motive and/or reckless or callous indifference to

the Plaintiff's statutorily protected rights and said actions were done with the employers full knowledge that the Plaintiff's rights were violated.

29. That the Plaintiff filed a charge for discrimination with the United States Equal Employment Opportunity Commission in the District of Columbia alleging gender discrimination on the basis of pregnancy.

30. That on or about September 18, 2006, said agency issued a right to sue notice authorizing this law suit, and, therefore, the Plaintiff has exhausted her administrative remedies.

## COUNT III
(Intentional Inflection of Emotional Distress)

31. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates and realleges each and every fact set forth above as if fully set forth herein.

32. That in failing to protect the Plaintiff from the above-described gender discrimination and other offensive conduct committed by the Defendant's agent, employees, supervisors and/or managers, caused the Plaintiff to suffer severe emotional distress.

33. By through the outrageous conduct described above, the Defendant acted with the intent to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

34. That as the direct and proximate result of the Defendant's actions, the Plaintiff has suffered and will continue to suffer pain and suffering, severe mental anguish, emotional distress and she has suffered a loss of earnings.

35. That the Defendant's conduct as described herein was malicious and

oppressive and done with a conscious disregard for Plaintiff's rights.

36. The acts of the Defendant's supervisors, employees and/or managers were performed with the knowledge of an employers economic power over its employees. By and through the Defendants officers, managing agents, and supervisors, the Defendant authorized, condoned and ratified the unlawful conduct described above.

## COUNT IV
(Negligent Infliction of Emotional Distress)

37. The Plaintiff, Shaneta Griffin, hereby adopts, incorporates and realleges all facts and allegations set forth above as if fully set forth herein.

38. That the Defendant, failed to exercise it's duty of due care to prevent it's employees, managers, and/or supervisors from discriminating against the Plaintiff.

39. That as the direct and proximate result of the actions and conduct of the Defendant, the Plaintiff has been caused to suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment and pain.

## COUNT V
(Negligent Hiring)

40. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates and reallages all facts and allegations set forth above as if fully set forth herein.

41. That the Defendant owed Plaintiff a duty to protect her from it's employees, managers, and/or supervisors, who they knew or should have known, created a risk of injury to her. The Defendant breached said duty by hiring these unknown individuals which the Defendant knew or should have known, with reasonable diligence should not have been hired or placed in the Defendant's workplace because they were not fit for the workplace.

42. That as a proximate result of the acts and conduct of the Defendant in hiring these unknown individuals, the Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment and pain, as well as a loss of earnings.

## COUNT VI
(Negligent Retention and Supervision)

43. That the Plaintiff, Shaneta Griffin, hereby adopts, incorporates and realleges each and every fact set forth above as if fully set forth herein.

44. That the Defendant owed the Plaintiff a duty to protect her from it's employees, supervisors and/or managers who they knew or should have known created a risk of injury to the Plaintiff.  Defendant breached such duty by continuing to employee the unknown individuals and by failing to adequately supervise the workplace despite the fact that they knew or should have known, that these individuals were in their workplace discriminating against the Plaintiff based on her gender.

45. That as a proximate result of the acts and conduct of the Defendant, the Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, embarrassment and pain, as well as a loss of earnings.

WHEREFORE, pursuant to Count I, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of Twenty Five Thousand Dollars ($25,000.00) in general and compensatory damages, including back pay, Forty Nine Thousand Dollars ($49,000.00) in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count II, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of Twenty Five Thousand Dollars ($25,000.00) in general and compensatory damages, including back pay, Forty Nine Thousand Dollars ($49,000.00) in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count III, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of Twenty Five Thousand Dollars ($25,000.00) in general and compensatory damages, including back pay, Forty Nine Thousand Dollars ($49,000.00) in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count IV, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of Twenty Five Thousand Dollars ($25,000.00) in general and compensatory damages, including back pay, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count V, the Plaintiff, Shaneta Griffin, prays this Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of Twenty Five Thousand Dollars ($25,000.00) in general and compensatory damages, including back pay, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

WHEREFORE, pursuant to Count VI, the Plaintiff, Shaneta Griffin, prays this

Honorable Court enter judgment against the Defendant, Coastal International Security, Inc., in the sum of Twenty Five Thousand Dollars ($25,000.00) in general and compensatory damages, including back pay, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper.

             CHRISTIAN, ASHIN & BROWN, P.C.

             <u>Jeffery G. Ashin /S/</u>
             Jeffery G. Ashin
             Attorney for Plaintiff
             7305 Baltimore Ave., Suite 305
             College Park, MD 20740
             (301) 277-9171

## **JURY DEMAND**

Plaintiff demands a trial by a jury of six (6) as to all issues of fact herein.

             <u>Jeffery G. Ashin /S/</u>
             Jeffery G. Ashin
             Attorney for Plaintiff