UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANETA GRIFFIN | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:06cv02246 (CKK) |
| COASTAL INTERNATIONAL SECURITY, INC. | ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S

## MOTION TO REMAND

Defendant Coastal International Security, Inc. hereby opposes plaintiff's motion to remand this case to the District of Columbia Superior Court. As explained below, remand is not proper because (1) the amount in controversy in the amended complaint still exceeds $75,000, and (2) even if the amended complaint reduced the amount in controversy below $75,000, the amount in controversy at the time of removal, and not after an amendment, determines this Court's jurisdiction.

I.  **Facts**

Plaintiff's original complaint against Coastal International Security ("CIS") was filed in D.C. Superior Court. The complaint contains allegations under the D.C. Human Rights Act ("DCHRA"). It is undisputed that plaintiff's original complaint sought more than $75,000 in damages. It is also undisputed that plaintiff and CIS are diverse. Accordingly, CIS removed the complaint to this Court.

On March 16, 2007, plaintiff filed a motion for leave to amend the complaint to reduce the amount of damages sought. CIS does not oppose the motion for leave. According to plaintiff's counsel, the amended complaint seeks $25,000 in compensatory damages and $49,000 in punitive damages, *i.e.* a total of $74,000 in compensatory and punitive damages. *See* Mot. for Remand at ¶ 3; Am. Compl. "wherefore" provisions.

The amended complaint also seeks "reasonable attorneys fees" under each count. *See* Am. Compl. "wherefore" provisions. This includes Counts I and II, which are brought under the DCHRA. The DCHRA makes attorneys' fees available to successful plaintiffs. *See* D.C. Code Ann. §§ 1-2556(b).

II.  **Plaintiff's Motion for Remand Should Be Denied for Two Separate Reasons**

In *In re Lorazepam & Clorazepate Antitrust Litigation*, 2004 U.S. Dist. Lexis 352 (D.D.C Jan. 12, 2004), the plaintiffs sought $74,975 in compensatory damages, punitive damages, and attorneys' fees available under state law. After removal, the plaintiffs stipulated to dismiss their claims for punitive damages and then moved for the case to be remanded to Superior Court.

The federal District Court for the District of Columbia denied the motion for remand for two reasons: (1) the amount in controversy exceeded $75,000 because the plaintiff's sought attorneys' fees pursuant to statute; and (2) subject matter jurisdiction is determined based on the damages allegations at the time of removal and not on any subsequently amended allegations. *Id.* at **15-17. The District Court explained:

> It is also clear that attorney's fees should be factored into the jurisdictional amount.
>
> If awarded, attorneys' fees combined with the desired compensatory damages of an amount less than $74,975 per

plaintiff could clearly cause the monetary amount to exceed the jurisdictional limit.

When this case was removed to the federal district court on May 5, 2003, the relief sought in the Amended Complaint of March 23, 2003 controlled the jurisdictional limit. Plaintiffs may not return the Complaint to the damages sought on December 31, 2002 which were below $75,000 per plaintiff. The Supreme Court has long ago provided guidance for a situation such as this:

> And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction. Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it is attached.
>
> Plaintiffs themselves indicate the tenuousness of their argument when they state that "Defendants cannot show that the amount in controversy *now* exceeds $75,000 per Plaintiff." As previously explained, this is not the standard by which amount in controversy is measured. To determine whether the jurisdiction is present for removal, courts consider the claims in the state court petition at the time they existed at the time of the removal.

*Id., quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938).

Here, as in *In re Lorazepam*, plaintiff has reduced her compensatory and punitive damages claim slightly below $75,000. But, as in *In re Lorazepam*, plaintiff here also seeks statutory attorneys' fees. As the D.C. federal court held, these attorneys' fees must be factored into the jurisdictional amount. Here too, if fees are awarded, they would clearly cause the monetary amount to exceed the jurisdictional limit.[1]

---

[1] There can be no doubt plaintiff's counsel's fees will exceed $1,000 in this matter.

On this basis alone, plaintiff's motion for remand should be denied.[2]

Additionally, as the *In re Lorazepam* court and the Supreme Court have held, plaintiff cannot "oust" this Court's jurisdiction by amending her complaint. Instead, this Court's jurisdiction is determined by the amount in controversy at the time of removal and not by any subsequently amended pleadings. Here, it is undisputed that the amount in controversy at the time of removal exceeded the jurisdictional limit. According to the Supreme Court, this is the only amount in controversy relevant to determining this Court's jurisdiction.

For this reason too, plaintiff's motion to remand should be denied.

### III. Conclusion

For the foregoing reasons, CIS asks the Court to deny plaintiff's motion for remand and to retain jurisdiction over this matter.

Respectfully submitted,

**JACKSON LEWIS LLP**

March 30, 2007

By: /s/ John M. Remy
John M. Remy (D.C. Bar No.461244)
8614 Westwood Center Drive; Suite 250
Vienna, Virginia 22182
Direct Dial: (703) 821-2189
Fax: (703) 821-2267
*Counsel for Defendant*

---

[2] See also *Missouri Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (attorneys' fees included in determining amount in controversy); *Walker v. Waller*, 267 F. Supp. 2d 31, 33 (D.D.C. 2003) (attorneys' fees included in amount in controversy if "they are allowed for by statute or contract.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on March 30, 2007 copy of the foregoing *Defendant's Opposition to Plaintiff's Motion to Remand* was mailed, first-class mail, postage prepaid, to:

> Alan R. Fawcett
> Christian, Ashin, & Brown, P.C.
> 7305 Baltimore Avenue
> Suite 305
> College Park, Maryland 20740
> *Counsel for Plaintiff*

                                         /s/ John M. Remy