UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHANETA GRIFFIN,

   Plaintiff,

    v.

COASTAL INTERNATIONAL SECURITY, INC.,

   Defendant.

Civil Action No. 06-2246 (CKK)

**MEMORANDUM OPINION**
(June 4, 2007)

Plaintiff filed her six-count Complaint in this action in the Superior Court for the District of Columbia (hereinafter "Superior Court"), alleging pregnancy discrimination and gender discrimination in violation of the District of Columbia Human Rights Act ("DCHRA"), as well as negligent and intentional infliction of emotional distress, negligent hiring, and negligent retention and supervision. In her Complaint, Plaintiff sought one million dollars ($1,000,000) in general and compensatory damages and one million dollars ($1,000,000) in punitive damages, attorney's fees and costs. Defendant subsequently removed Plaintiff's Complaint to this Court, based on the diversity of the parties and Plaintiff's demand for over $75,000 in damages. Thereafter, Plaintiff filed a motion for leave to amend her Complaint to reduce the amount of damages sought, as well as a motion to remand this case to Superior Court. Defendant does not oppose Plaintiff's motion to amend her Complaint, but does oppose Plaintiff's motion to remand, arguing first that the amount in controversy in Plaintiff's Amended Complaint – which includes a

1

request for attorney's fees – still exceeds $75,000, and second that the amount in controversy is determined based on the damages claimed at the time of removal. The Court concludes that Defendant is correct with respect to both of these arguments, and therefore shall grant Plaintiff's unopposed motion to amend her Complaint, and deny Plaintiff's motion to remand this case to Superior Court.

## I:  BACKGROUND

Plaintiff, Shaneta Griffin, was hired by Defendant, Coastal International Security, Inc. ("CIS"), in June 2004 to serve as an armed security officer. Compl. ¶ 2, 4. Plaintiff alleges that throughout her employment, she received positive performance evaluations, salary increases, and other indications that her employment was satisfactory. *Id.* ¶ 5. Plaintiff became pregnant with her first child in June 2005, and informed her supervisor that she was pregnant on September 26, 2005. *Id.* ¶¶ 6-7. Plaintiff alleges that when she informed her supervisor of her pregnancy, she also requested light duty employment pursuant to her doctor's advice. *Id.* ¶ 7. According to Plaintiff, she was informed by CIS' employees that she would be provided a light duty assignment and that such an assignment was available; however, Plaintiff was never provided a light duty position and her employment was terminated on November 21, 2005. *Id.* ¶¶ 8-10.

Plaintiff filed her Complaint in this action on December 4, 2006 in the Superior Court for the District of Columbia, alleging pregnancy discrimination and gender discrimination in violation of the DCHRA, as well as negligent and intentional infliction of emotional distress, negligent hiring, and negligent retention and supervision. *Id.* ¶¶ 11-45. In her Complaint, Plaintiff sought one million dollars ($1,000,000) in general and compensatory damages and one million dollars ($1,000,000) in punitive damages, attorneys fees and costs. *Id.*, Wherefore

Clauses. Thereafter, on December 29, 2006, CIS removed Plaintiff's Complaint to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, noting that Plaintiff is a resident of Virginia while CIS is a South Carolina corporation licensed to do business in the District of Columbia, and that the amount in controversy in Plaintiff's Complaint exceeds $75,000. Notice of Removal.

On March 16, 2007, Plaintiff filed two motions: (1) a Motion for Leave to File Amended Complaint, along with a proposed Amended Complaint; and (2) a Motion to Remand this case to Superior Court. Plaintiff's Motion for Leave to Amend specifically states that "Plaintiff seeks to amend her Complaint so that the amount in controversy is less than Seventy Five Thousand Dollars ($75,000.00) thereby permitting this Honorable Court to remaned [sic] this matter back to the Superior Court for the District of Columbia." Mot. to Amend at 1. Accordingly, Plaintiff's Amended Complaint seeks $25,000 in general and compensatory damages, including back pay, and "$49,000 in punitive damages, reasonable attorneys fees and costs." Am. Compl., Wherefore Clauses. On March 30, 2007, CIS filed a Response indicating that it does not oppose Plaintiff's Motion for Leave to File Amended Complaint. CIS Resp. at 1. In addition, however, CIS filed an Opposition to Plaintiff's Motion to Remand. *See generally* CIS Opp'n.

## II: DISCUSSION

CIS opposes Plaintiff's Motion to Remand on two grounds. First, CIS argues that the amount in controversy in Plaintiff's Amended Complaint still exceeds $75,000 because it includes a request for attorney's fees. Second, CIS argues that the amount in controversy is determined based on the damages claimed at the time of removal, rather than on any subsequent amendment. *Id.*

3

As the Supreme Court long ago set forth, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," such that in order to justify dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 568, 82 L. Ed. 845 (1938). Moreover, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Id.*, 303 U.S. at 293, 58 S. Ct. 568. *See also Rosenboro v. Kim*, 994 F.2d 13, 16-17 (D.C. Cir. 1993) (plaintiff's initial allegation of the amount in controversy controls if it is in good faith); *Paley v. Ogus*, 20 F. Supp. 2d 83, 93 (D.D.C. 1998) ("[S]atisfaction of the jurisdictional amount is determined by the amount of damages that the plaintiff claims at the initiation of the lawsuit.").[1]

Here, there is no indication that Plaintiff's initial claim for damages was not made in good faith. Furthermore, as the Supreme Court explained in *St. Paul Mercury*, the "claim, whether well or ill founded in fact, fixes the right of the defendant to remove" because if a

---

[1] The Court notes that one District Court in the Southern District of New York determined that *St. Paul Mercury* is no longer viable in light of the 1988 amendment to 28 U.S.C. § 1447(c). *Villano v. Kohl's Dep't Stores, Inc.*, 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005). While the D.C. Circuit has not explicitly addressed the validity of *St. Paul Mercury* in light of the amendment to 28 U.S.C. § 1447(c), the *Villano* court's reasoning has been specifically rejected by another court in the same District, *see Purple Passion, Inc. v. RCN Telecom Servs., Inc.*, 406 F. Supp.2d 245 (S.D.N.Y. 2005), and by various courts in other jurisdictions, *see, e.g., Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n.4 (5th Cir. 1996) ("[Section] 1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand."); *Baldridge v. Kentucky-Ohio Transp.*, 983 F.2d 1341, 1348 n.11 (6th Cir. 1993) (the "1988 law which changed this text, reveals no intent to direct district courts to look beyond the time of removal in deciding remand motions based on lack of jurisdiction.").

plaintiff could "reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." 303 U.S. at 284, 58 S. Ct. 586.  Accordingly, Defendant properly removed Plaintiff's Complaint to this Court and, although Plaintiff has now moved to amend her Complaint in order to reduce the amount of damages she claims, such amendment does not deprive this Court of jurisdiction over the instant action.

In addition, CIS argues that Plaintiff's Amended Complaint does not succeed in reducing the amount in controversy below $75,000 because Plaintiff seeks statutory attorney's fees.  *See* CIS Opp'n at 2-3.  In her Amended Complaint, Plaintiff requests $25,000 in general and compensatory damages, including back pay, as well as $49,000 "in punitive damages, reasonable attorneys fees and costs of this suit in addition to any such other, further relief as this Court deems just and proper."  Am. Compl., Wherefore Clauses.  In light of the fact that Plaintiff's express purpose in amending her Complaint was to bring the amount in controversy under $75,000,  it is perhaps more logical to interpret the demand in Plaintiff's Amended Complaint as one for a total of $49,000 for "punitive damages, reasonable attorneys fees and costs of this suit."  Nevertheless, it also possible to read Plaintiff's Amended Complaint as seeking $49,000 in punitive damages *plus* attorneys fees and costs.

Courts in this District have determined that attorney's fees do not count towards the amount in controversy requirement unless they "are provided for by a contract in issue or by a statute in controversy."  *Srour v. Barnes*, 670 F. Supp. 18, 22 (D.D.C. 1987) ("As a matter of first impression, this Court finds that attorney fees are generally an improper vehicle for obtaining federal diversity jurisdiction."); *see also Walker v. Waller*, 267 F. Supp. 2d 31, 33 (D.D.C. 2003)

("[I]n the absence of an applicable substantive law that would require, or even grant the Court discretion, to award attorneys fees, the undersigned finds no authority for including speculative attorneys fees in the amount in controversy."). Here, however, as CIS correctly notes in its Opposition, the DCHRA specifically provides for the payment of reasonable attorneys fees to a successful plaintiff. D.C. Code § 2-1403.13. Thus, if Plaintiff in fact seeks general, compensatory and punitive damages totaling $74,000, *plus* attorneys fees and costs, her Amended Complaint may well continue to allege an amount in controversy over $75,000. In any event, as discussed above, the instant case cannot be remanded to Superior Court because Plaintiff's original Complaint alleged an amount in controversy greater than $75,000 and therefore was properly removed to this Court.

### III: CONCLUSION

For the foregoing reasons, Plaintiff's [7] Motion for Leave to File Amended Complaint shall be granted, and Plaintiff's [8] Motion to Remand this case to Superior Court shall be denied. An appropriate Order accompanies this Memorandum Opinion.

Date:   June 4, 2007

>                  */s/*
>                  COLLEEN KOLLAR-KOTELLY
>                  United States District Judge